DAVID LOPEZ, ESQ.  DL6779
Attorney for Plaintiff
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel:            631.287.5520
Fax:            631.283.4735
e-Mail:     DavidLopezEsq@aol.com

08 CV 4695



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| DEBORAH DONOGHUE, | ) |
| Plaintiff, | ) |
| - against - | ) |
| POLO RALPH LAUREN and JOYCE F. BROWN, | ) COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 USC 78p(b) |
| Defendants. | ) Jury Trial Demanded |

**DEBORAH DONOGHUE**, by David Lopez, Esq., her attorney, complaining of the defendants, respectfully alleges the following upon information and belief, except as to paragraph 2, which plaintiff alleges on personal knowledge:

**JURISDICTION:**

1. This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Section 78p(b), and jurisdiction is conferred upon this court by Section 27 of the Act,15 U.S.C. Section 78aa.

1

**THE PARTIES:**

2. Plaintiff is a security owner of POLO RALPH LAUREN CORP. ("RALPH LAUREN"), a Delaware Corporation with principal offices at 650 Madison Avenue, New York, New York 10022.

3. At all times relevant the common stock of RALPH LAUREN was registered under Section 12 of the Act and was and is traded on the floor of the New York Stock Exchange located within this district.

4. This action is brought in the right and for the benefit of RALPH LAUREN which is named as a party defendant solely in order to have all necessary parties before the court.

5. At all times relevant JOYCE F. BROWN was and is an insider of RALPH LAUREN, to wit: a director.

6. JOYCE F. BROWN maintains a principal place of business or is found to 650 Madison Avenue, New York, New York 10022, the offices of RALPH LAUREN.

**STATUTORY REQUISITES:**

7. The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

8. Demand for prosecution was made on RALPH LAUREN on October 20, 2007, with a supplemental demand made on November 5, 2007. More than 60 days have passed from the date of each demand with RALPH LAUREN declining to discuss the matter with plaintiff's counsel. Further delay in the filing of suit would be a futile gesture, the mandatory statutory waiting period having been observed.

9. Some or all of the transactions to be described herein were effected in whole or in part within the Southern District of New York.

10. All defendants reside, have principal places of business and are found within the Southern District of New York.

11. This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time, if ever, when reports required by 15 U.S.C. 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission.

**FIRST CLAIM FOR RELIEF:**

12. JOYCE F. BROWN purchased 650 shares of the common stock of RALPH LAUREN at $ 76.16 on August 16, 2007.

13. JOYCE F. BROWN sold larger numbers of shares within six months, the highest priced of such sales being the sale of 100 shares at $96.82 on June 1, 2007, of 100 additional shares at $96.81 on June 1, 2007, and of 2,500 shares at $96.80 on June 1, 2007.

14. The foregoing purchases and sales may be matched against one another using the "lowest-in, highest out" method to produce profits recoverable from JOYCE F. BROWN to the extent of her pecuniary interests in such profits. The amounts of such profits are unknown to Plaintiff but are estimated to exceed $13,000.

15. Such profits are recoverable on behalf of RALPH LAUREN by Plaintiff as a shareholder of RALPH LAUREN, the latter having failed or refused to act in its own right and for its own benefit.

**SECOND CLAIM FOR RELIEF:**

16. This Second Claim For Relief is a precaution against possible errors of details attributable to inaccuracies in the public record or the discovery of additional trades during the course of this action.

17. JOYCE F. BROWN, acting during periods not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of RALPH LAUREN within periods of less than six months of each other while a director of RALPH LAUREN.

18. By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while an insider of RALPH LAUREN, JOYCE F. BROWN realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit, and are recoverable by plaintiff on behalf, of RALPH LAUREN.

**WHEREFORE**, Plaintff demands judgment:

a) Requiring JOYCE F. BROWN to account for and to pay over to RALPH LAUREN the short-swing profits realized and retained by her in violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

b) Awarding to Plaintiff her costs and disbursements including reasonable attorney's, accountants and expert witness fees; and

c) Granting to Plaintiff such other and further relief as the court may deem just and proper.

Dated:   Southampton, New York
         May 15, 2008

                                              Yours, etc.

                                              _____
                                              David Lopez, Esq.